Our fourth argument of this morning is United States v. Anthony Lomax, Appeal No. 21-22-74. Good morning, Ms. Christensen. Good morning. May it please the court, counsel. My name is Joanna Christensen, and I represent the appellant, Anthony Lomax, in this case. Mr. Lomax's pro se allegations of ineffective assistance to counsel warrants an evidentiary hearing under 2255B. That's the extent of the issue that we're asking for, is the hearing. The court essentially granted— But he won. He won, but not at the— Why don't we just skip to the second sentence of 2255B? The second sentence, Your Honor? Yeah, of the statute. The second—if we just jump right to the second sentence, it says, if the court finds the judgment was rendered without jurisdiction or the sentence imposed was not authorized by law, etc., etc., the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him. That's what she did. Yes, on that issue. He raised other issues. But he just wants a fishing expedition. I don't think he wants a fishing expedition. This issue that was granted has implications far beyond his resentencing hearing. How so? Because the way I read it, there's two different arguments I think that are made. There's one in the blue brief and one in the gray brief with respect to the importance of the hearing. The way I read it, at least, in the blue brief, Lomax argues that he was entitled to a hearing to prove his counsel was ineffective in 2012 by failing to anticipate de la Torre. But then in the gray brief, he should have had a hearing because—with respect to the resentencing—with respect to proving ineffective assistance of counsel with respect to the resentencing hearing. That was certainly not my intent to make that argument in the gray brief. My argument has been that, obviously, that portion, the resentencing hearing, the judge essentially addressed by her order. But prior to the resentencing hearing in 2017, there are decisions that are made between counsel and defendant that were impacted by the lack of challenge to the 851 notice. But Lomax doesn't make that argument in his 2019 2255 motion. No, he does not make that argument specifically. He does make the general argument, however, that counsel should have investigated the 851 notice and done a categorical comparison between Indiana and federal law. And construing his pleadings liberally, because he is pro se at this point, that that could have implications for his pretrial decision-making as to whether he pleads guilty, whether he goes to trial. Statutory maximum and minimums can make a difference in a defendant's decision in that point. So that's the issue that the argument on the hearing is essentially directed toward. I mean, obviously, the court gave him relief. So it is a different argument, but it is one questioning whether he received effective assistance of counsel at trial in 2012-2013. You mean before trial? In advising him to plead guilty? Right. At any point before the first sentencing when he could have challenged that 851 notice. And the government makes a substantial argument about nobody was raising this issue back then. And unfortunately, that's just not the case. If you look at the history of Elder, the Elder case, he was indicted in the same district a year later. His case started in 2013. His attorney challenged the 851 notice prior to trial. Now, that issue didn't go anywhere, except then I got the case on appeal and we had this series of Elder cases that eventually end kind of where we are here. And I guess I take the blame for most of that in the sense that it's related to Mr. Elder. But the important point is that Mr. Elder made the objection and made that objection in 2014 when Mr. Lomax was still in the district court pre-trial, well, pre-sentencing definitely. And so in that case, it wasn't a convoluted, unusual argument that would require defense counsel to have, as the government points out, imagination, scientific knowledge, and legal acumen. People were making it, categorical approach to 851 and 841, which they had. And then if it was a categorical match between the state and federal convictions. And the fact is we now know, with a little bit of hindsight, but we now know that it was not. But those are arguments that were percolating through the circuit at the time Mr. Lomax was proceeding to trial. Ms. Christensen, let me get the benefit of your reaction to this. It's the same kind of question that Judge Kirsch is asking from a different direction. And that is that the appeal before us is from the third re-sentencing and that alone. And I know you want to argue ineffective assistance in connection with the filing of the prior 851 and it may have affected the choice on the guilty plea. Why doesn't this implicate an entirely different line of cases? Do you know our decision in Suggs and the U.S. Supreme Court's decision in Magwood, all around kind of Slack v. McDaniel from the Supreme Court, all around whether the point that you're raising isn't it best made in a renewed 2255 application? And then the immediate question would be is it barred as second or successive or is it not? Why isn't that the proper way to think about this? Right. And we didn't address that in our briefs. I believe I cited the Haynes case, which is a case in this court, the first Haynes case, where it got to this court and the court said no, no, there's not jurisdiction because not all of your issues have been decided yet on your 2255 petition. So in the time to raise challenges to the rest of those issues is in the direct appeal from the re-sentencing. That's my understanding of how the procedure works regarding 2255s and re-sentencing. I can certainly, I'm not familiar enough with the cases you talked about to address it now. I can certainly do post-argument briefing on that issue because I don't think either one of us has addressed that issue in our briefing. Yeah. The reason that I'm asking it, of course, is that we're reviewing a 200-month sentence. 300. I'm sorry. It went from 400 to 300. Yes. Right. Okay. It's a lot of time, I know. Yes. Okay. We're reviewing that sentence and we're reviewing it because it wasn't adjudicated by the district court. And then that raises the question about what's the proper vehicle for that in effective assistance of counsel, as you know, can get quite fact intensive. Absolutely. Yes. That's why we prefer it in 2255. I mean, I've been in appeals with, in cases with you where you've said, are you sure your client wants to do this on direct appeal? Yes. Okay. But that, I'm just trying to reveal my thinking to get to ask Mr. Wood the exact same question. So why isn't the proper vehicle 2255 and hence Magwood and Slack and Suggs and that whole line of cases? My understanding is the Haynes case addresses that. And our court Haynes? Yes. Stacey Haynes is the defendant's name. Okay. All right. That's good enough. And I believe it's in my brief because it is in my binder of cases. I would have cited it. That's my understanding that deals with that jurisdictional issue. And I think it's because of the process of a second or successive habeas is onerous on the defendant. And that may not be the appropriate place. I mean, they're onerous yet for sure. There are serious limitations. Nearly completely barred. Some of us might say. But I think that that's the reasoning for that, that this is the proper vehicle to make that challenge. Could you just restate your position on forfeiture? Sure. On this issue, particularly my position is, is that Mr. Lomax asked for a hearing on his issues and that that's essentially the issues, the issue that we're raising, that he should have gotten a hearing on these issues. Now, the government argues because he didn't make this argument specifically about his pretrial ineffective assistance of counsel that that bars it. I think it's a separate issue. Well, even if we construe that 2255 liberally, which we need to, is there even a hint of an objection? I think the hint would be that counsel didn't make the objection to the 851 and that that had been done in other cases in the same district. That would be the hint. But again, without the hearing process, it's hard to know all of the factors surrounding that, which is why a hearing would be necessary under 2255B. So unless the court has further questions. No, we'll give you some more about all time. Okay. Yeah, very well. Mr. Wood, good morning. Good morning, Your Honor. May it please the court. Bob Wood on behalf of the government. Haynes, I think we both said it. I know it's in the jurisdictional statement of my brief. Just with respect to what gets transported along with a post-2255 grant of relief resentencing, what issues come up? But I did not even touch this Suggs issue at all. You understand what I'm asking? Yes. Why is a matter related to an original conviction? Why is that properly within the scope of a direct appeal from a resentencing proceeding and not more properly adjudicated within the context of 2255? Well, I think that it is, as things stand now, that would be a more proper forum for this. The argument didn't occur to me. But I also view it to some degree as he filed his 2255 at the appropriate time. If he had foreseen, if he had wanted to make the claim that is articulated now, he could have moved to amend his 2255. That would have been proper under mail or civil rules. And that underscores the forfeiture, which is why I wouldn't want to go completely on the government's position on this. There could be intricacies to the Suggs position that I don't really want to dive into that. I think there's a circuit split on this. And I think it comes out, unfortunately, adverse to Mr. Lomax. Because I think in our court it's second or successive. If you want to challenge an aspect of your original conviction. At the same time, at the very least for the purposes of the arguments that have been made thus far, not supplemental arguments, and we're happy to do that just as defense counsel is. But in my view, the question begs a second question about amendment, which underscores our forfeiture waiver argument. And I know that does not get to the nub of the second successive question. But for litigation and re-litigation purposes, it underscores the waiver point. And on that point, on the waiver point, a hearing is not a standalone claim. To even begin asking the question under 2255B as to whether a claim demands a hearing has to be that claim. La Fuentes talks about allegations of facts. There were no allegations of facts relevant to his first attorney. The question of ineffective assistance of counsel has ad hominem components. His first attorney made all these arguments and succeeded on appeal for him. His remand attorney was the subject of his ineffective assistance of counsel claim, not the first attorney. There's nothing about trial. There's nothing about pleas. There's nothing about that period of time. If there had been a hint, and those are distinct claims, if there is a distinct line of Supreme Court cases about how ineffective assistance of counsel works in the plea negotiation process as opposed to other pieces of criminal procedure, that claim just was not raised. And so we believe the argument's waived. If it is not, the argument in the government's view can't succeed. And to Mr. Lomax's point about whether the argument was being made at the time, there were categorical arguments being made at the time, of course. Math has put it in the bloodstream, but Discamps existed, Taylor existed, Shepard existed. People were making these arguments. But I'm not aware of anyone making an argument of this type in 2013. We're talking about January 2014 when this trial happened. In 2013, this course Harris decision talks about the concept of being plausibly apparent in late 2017, given some litigation in the 5th and 9th circuits. But that was a 2017 time period case. Harris was. So the question as to whether this could have been apparent in 2014 seems, in the government's view, conclusive that it was not. No one was making this claim. Even if comparing statutes was common practice, no one was making a claim like this. And to underscore that, as the government cited the Smith case, this court decided in 2019, which our office handled and her office handled. No, sorry, it was not her office. It was a different office handled. There was a categorical approach claim attacking India cocaine predicates. And this argument was not made. So even comparing statute to statute, it was a financing overbread claim. On the career enhancement, the career offender enhancement, can I turn you to that? What's the impact, if any, of the recent decision in Justin Taylor? In Taylor, the Supreme Court's decision in Taylor turned on the idea that if a crime, because an attempt to threaten does not necessarily encompass force, then the attempt to commit that crime is not a crime of violence. Right. Sure. And I just say that to say murder does not have a threat component. Indiana murder. So and murder. And because Indiana requires the other, the recent 11th Circuit case we cited in our 28-J letter, Taylor doesn't touch Michael Hill with respect to cases like this. And possibly because of the nuances of this court's Michael Hill decision, it's possible Taylor doesn't have to touch Michael Hill at all. Although if Michael Hill were applied to certain certain robbery. The reason I'm asking you that, Mr. Wood, you know I'm sure, is that if you think about the Adam and Eve back and forth in that opinion. If all you have to do is change Justice Gorsuch's hypothetical in a way where an attempted murder does not entail a use of, somebody's involved in an attempt, but their role in the attempt did not involve anything that would fit within the force clause. Sure. That way. And I'm thinking about the language in that opinion that's not favorable to the government on the intent prong of this with respect to attempt. So I hear you on Michael Hill, but we're not the last word on this. Right. And I guess my point is because of the way and maybe your Honor's right that Taylor completely scrambles this. I don't know if it does or doesn't. But I mean there. Of specific intent. Sorry. No, go ahead. Go ahead. I think it complicates it. It may complicate it. It may complicate, you know this court said in Turner, it may complicate lots of things. Reasonable probability also. All kinds of things. But the government's position, Taylor, we have recently been guided formally on this, the government's position is that Taylor does not change how courts should approach crimes of violence that are intent to use force plus substantial step. Okay. I'm not asking, that's the Solicitor General or somebody's put guidance out on this? We have the appellate section of the, those come through the criminal division appellate section. And the position is notwithstanding the hypothetical and my answer on the hypothetical is the most concrete treatment I have seen since Taylor of hypotheticals of that sort is the 11th Circuit's decision. And it's not exactly the hypothetical your Honor is discussing. Whether Taylor supplies that level of complication. Okay, let me ask you the more important question rather than the academic one perhaps is, is this issue before us here in your view? The merits of this? The merits of the crime of violence? Yeah. And the reason I'm, okay, go ahead. As I see it, that issue is resolved by Lomax 2. And should be the law of the case in that sense because there's no intervening Supreme, oh that was Taylor, but there's no intervening change in circuit law that would necessarily alter the law of the case. And then the question of. The argument that I understand Mr. Lomax to be making, Ms. Christensen can help us on this too I'm sure. Okay, is a little bit different. It's more rooted in the whole Kaiser Stinson status of the guidelines commentary debate. Sure. That's fair. Smith, all that stuff. Right. And I would say that the Michael Hill argument. It's a different argument. But it is our sort of boots, our belt and suspenders response to the Kaiser argument. The Kaiser argument is merely to reserve this for the Supreme Court. Then there's no need to even get to the Michael Hill-Taylor argument. That's just a secondary line of defense for us. Was the, was the, okay. But was the Michael Hill slash Taylor, Taylor wasn't even decided at the time of the third resentencing. But is the Michael Hill issue, was that put before the district court as a basis in the third resentencing for not imposing the career offender enhancement? It was not. And to explain why we did not push hard on waiver on that. It was largely because Taylor was working in the pipeline. It hadn't been decided by the Supreme Court. It didn't seem entirely fair. But it is a backup argument to, it's in the shadow of her preserved Kaiser argument. Okay. And so not necessarily. Very well. Thank you. You're welcome. Thank you, Your Honor. I'll try to address. In Haynes, it's on page 956 where this court discusses when to appeal when you've had a grant of a resentencing in a 2255. And in Haynes, the defendant tried to appeal immediately before the resentencing occurred and the court said, no, you haven't. Haynes is, I don't remember seeing Haynes in your brief. It may be there. I didn't see it in your table either. So I believe it's in the government's jurisdictional statement. But not on this point. Well, I would assume it would provide jurisdiction. That was the assumption that was made. Certainly by me that this is the way this court gets jurisdiction. Again, if we're wrong about that, I think we're happy to brief it. But that's been the assumption. Let me see. I'll talk a little bit about the Kaiser-Taylor impact. The Kaiser issue is before this court because the defendant raised it in 2017 and then apparently abandoned the issue on appeal, raised a different issue on appeal. And if I may, I'll just kind of wrap up this argument. But then for the resentencing after the 2255 asked to resurrect all possible issues that have been raised before, which would include this one, which is why it's in the brief without a waiver argument. So it is primarily a Kaiser-Stinson argument. The Michael Hill, all the Hills may come into play. But I think that Taylor informs it exactly in the way you were discussing with the government. Okay, very well. Thanks very much to both counsel. Thank you.